**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN FELDER,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 1:11-cv-01139** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **WARDEN DAVID EBBERT and** | : | |
| **J. ZIELINSKI,** | : | **(Magistrate Judge Mannion)** |
| **Defendants** | : | |

**MEMORANDUM ORDER**

Presently pending before the Court are a Report and Recommendation of Magistrate

Judge Mannion, recommending that Defendant's motion to dismiss or, in the alternative, for

summary judgment be granted (Doc. No. 44), as well as Plaintiff's objections thereto (Doc. No.

45).[1]  For the reasons that follow, the Court will adopt the Report and Recommendation.

On June 15, 2011, Plaintiff John Felder, an inmate incarcerated at the Federal

Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, filed a

pro se complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureaus of

Narcotics, 403 U.S. 388 (1971), alleging violations of his constitutional rights to equal protection

and due process.  (Doc. No. 1.)  Plaintiff alleges that Defendant Josette Zielinski, the assistant

supervisor of education at FCI-Allenwood, violated his constitutional rights to due process and

equal protection when she recommended that Plaintiff not receive a pay grade exemption relating

to his completion of an adult literary program.  (Id. at 4.)  According to Program Statement

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil
Procedure, provide that any party may file written objections to a magistrate's proposed findings
and recommendations.  In deciding whether to accept, reject, or modify the Report and
Recommendation, the Court is to make a de novo determination of those portions of the Report
and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

5350.28 of the Federal Bureau of Prisons, "inmates who do not have a GED credential or a high school diploma" are required to "participate in the literacy program for one mandatory period of at least 240 instructional hours, or until they achieve a GED credential or high school diploma, whichever comes first." (Doc. No. 31-2 at 16.)  The Warden is authorized to grant a pay promotion exemption for inmates who need additional time to complete the program, and the supervisor of education "should recommend this exemption for an inmate who completes 480 hours of participation in the literacy program unless . . . the literacy teacher determines that the inmate is not making an acceptable level of effort." (Id. at 29-30.)  The Warden, however, may "exempt inmates on a case-by-case basis, from the literacy requirements for work assignment appointment and promotion" when he or she has good cause.  (Id. at 37.)

The parties agree that Plaintiff completed 480 hours of the literacy program.  (Doc. No. 31-2 ¶ 7; Doc. No. 45 at 1.)  Plaintiff contends that his literacy teacher informed him on May 5, 2010 that an exemption request had been submitted on his behalf "based upon his positive progress." (Doc. No. 33 at 3.)  Defendant Zielinski, however, after consulting with Plaintiff's literacy teacher, then recommended that the exemption request be denied based on Plaintiff's lack of effort in the program.  (Doc. No. 31-2 ¶ 7; Doc. No. 33 at 3.)

In his Report and Recommendation, Magistrate Judge Mannion recommends that: (1) the claims raised against Defendants in their official capacity be dismissed because the Court lacks jurisdiction over them; (2) the claims raised against Defendant Warden David Ebbert be dismissed because Plaintiff fails to allege that Defendant Ebbert was personally involved in any of the decisions at issue; (3) Plaintiff's equal protection and due process claims be dismissed for failure to state a claim; and (4) Plaintiff's complaint be dismissed with prejudice because

Defendants are entitled to qualified immunity.  Plaintiff does not raise objections to the second recommendation.  Therefore, the Court, finding no error in Magistrate Judge Mannion's findings relating to this recommendation, will adopt this portion of the Report and Recommendation.

Plaintiff raises three chief objections to Magistrate Judge Mannion's findings, but the Court will first write briefly to address Plaintiff's repeated assertions that Magistrate Judge Mannion failed to consider certain evidence and is biased in favor of Defendants.  Plaintiff bases these assertions in part on a footnote in the Report and Recommendation, stating that Defendants' entire statement of facts was deemed admitted because Plaintiff failed to properly respond to the statement.  (Doc. No. 45 at 3-4; Doc. No. 44 at 5 n.2.)  The Court is sympathetic to the challenges faced by pro se litigants like Plaintiff but, based on the thorough discussion of the record evidence in the Report and Recommendation, is satisfied that Magistrate Judge Mannion fully reviewed the entire evidence of record before rendering his conclusions.  Accordingly, the Court will overrule these general objections.

Turning to Plaintiff's first principal objection, Plaintiff avers that Magistrate Judge Mannion incorrectly found that his claims raised against Defendants in their official capacity should be dismissed.  Plaintiff contends that he may raise claims against Defendants in their official capacities to recover nominal or punitive damages.  (Doc. No. 45 at 5-6.)  This objection lacks merit.  Although Plaintiff may seek monetary damages against Defendants, he may only sue them in their personal capacities.  See Atwell v. Schweiker, 274 F. App'x 116, 117-18 (3d Cir. 2007) ("The Eleventh Amendment bars a suit against state officials sued in their official capacities . . . [but] does not bar suits against state officials int heir personal capacities.").  Thus, the Court will adopt this portion of the Report and Recommendation and dismiss all claims

raised against Defendants in their official capacities with prejudice.

Second, Plaintiff objects to Magistrate Judge Mannion's recommendations that his equal protection and due process claims be dismissed.  Plaintiff contends that he sufficiently stated these claims because Defendant Zielinski "acted out of retaliation and racism hate of Black drug dealers." (Doc. No. 45 at 9.)  To succeed on an equal protection claim, Plaintiff must prove the existence of purposeful discrimination.  Andrews v. City of Phila., 895 F.2d 1469, 1478 (3d Cir. 1990).  That is, he must prove that he is a member of a protected class and that he received different treatment than that received by other similarly situated individuals on the basis of his status as a member of that protected class.  See Oliveria v. Twp. of Irvington, 41 F. App'x 555, 559 (3d Cir. 2002) (citing Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir. 1992)).  With respect to Plaintiff's due process claim, Plaintiff must assert an interest that is within the scope of protection of life, liberty, or property found in the Due Process Clause of the Fifth Amendment.  Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).  As Magistrate Judge Mannion found, Plaintiff's complaint is devoid of allegations sufficient to state either claim.  Indeed, the complaint only states, in conclusory fashion, that Defendant Zielinski's recommendation that the pay grade exemption be denied violated Plaintiff's rights to due process and equal protection. Accordingly, the Court will adopt this portion of the Report and Recommendation and grant Defendants' motion to dismiss Plaintiff's equal protection and due process claims.

Finally, Plaintiff objects to Magistrate Judge Mannion's recommendation that Defendants are entitled to qualified immunity, thereby rendering amendment futile.  Qualified immunity protects government officials "from undue interference with their duties and from potentially disabling threats of liability." Elder v. Holloway, 510 U.S. 510, 514 (1994).  The doctrine of

qualified immunity, however, does not apply when officials violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982).  After reviewing the procedures outlined in Program Statement 5350.28, Magistrate Judge Mannion concluded that none of Defendants' actions were improper or in violation of a constitutional right.  (Doc. No. 44 at 12-13.)  Plaintiff takes issue with this finding, arguing that Defendant Zielinski committed fraud because Program Statement 5350.28 states that the Warden is the "approval authority" for the exemption and that this authority should not be delegated below the supervisor-of-education level.  (Doc. No. 31-2 at 30.) Plaintiff appears to contend that Defendant Zielinski denied the exemption, thereby divesting Defendant Warden Ebbert of his "approval authority."  (Doc. No. 45 at 6.)  The record evidence, however, reveals that Defendant Zielinski recommended that the exemption be denied after she consulted with Plaintiff's literacy teacher, a recommendation that was then routed to the supervisor of education and, finally, to the Warden's office.  This procedure complies with Program Statement 5350.28.  The Court agrees with Magistrate Judge Mannion's conclusion that Defendants did not violate Program Statement 5350.28 or any of Plaintiff's constitutional rights and, therefore, are entitled to qualified immunity.

**ACCORDINGLY**, on this 14th day of November 2012, **IT IS HEREBY ORDERED THAT:**

1.    Magistrate Judge Mannion's Report and Recommendation (Doc. No. 44) is **ADOPTED**;

2.    Defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. No. 25) is **GRANTED**;

3.    Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**; and

4.      The Clerk of Court is directed to close the case.

S/ Yvette Kane_____
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania